# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TERRI JEAN ALTMAN,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C16-3097-MWB<br>No. CR12-3010-MWB<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION AND BACKGROUND

This case is before me on petitioner Terri Jean Altman's *pro se* Motion Under 28 U.S.C. § 2255 To Correct/Modify Sentence Pursuant to U.S.S.G. App. C Amend 794 (docket no. 1). Specifically, Altman's § 2255 motion is before me for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

28 U.S.C. § 2255 Rule 4(b).

Pursuant to Rule 4(b), I have conducted an initial review of Altman's § 2255 motion. For the reasons discussed, below, it appears plainly from the face of the motion and the record that Altman is not entitled to relief, and her motion is summarily dismissed.

On February 22, 2012, an Indictment was returned against Altman, charging her with conspiracy to manufacture 50 grams or more of pure methamphetamine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851 of the United States Sentencing Guidelines. Subsequently, at Altman's sentencing on November 25, 2012, I calculated Altman's total base offense level as 33 and computed her criminal history category to be a category VI. Thus, Altman's advisory guidelines sentencing range was 235 to 293 months' imprisonment. However, I granted Altman's motion for downward variance pursuant to my policy disagreement with the methamphetamine guidelines and sentenced her to 157 months' imprisonment. Altman did not appeal her sentence or conviction. Judgment was entered on November 26, 2013.

## II.  LEGAL ANALYSIS

Altman seeks a sentence reduction for a mitigating role adjustment pursuant to §3B1.2 of the United States Sentencing Guidelines. Her argument is centered on the Sentencing Commission's amendment last year, Amendment 794, to the commentary of §3B1.2, which became effective on November 1, 2015, after Altman was sentenced. *See* SENTENCING GUIDELINES FOR UNITED STATES COURTS, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015) (stating that on April 30, 2015, the Sentencing Commission proposed amendments to § 3B1.2 to become effective November 1, 2015). Altman asserts that Amendment 794 is retroactive because it announced a new substantive rule of law.

Section 3B1.2 instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. *See* U.S.S.G. § 3B1.2. The commentary to § 3B1.2 provides that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him substantially

less culpable than the average participant." *See id*. § 3B1.2 cmt. n. 3(A). Amendment 794 "left the text of § 3B1.2 unchanged." *United States v. Gomez*, --- F.3d ---, 2016 WL 3615688, at * 3 (5th Cir. July 5, 2016); s*ee United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Casas*, 632 Fed. App'x 1003, 1004 (11th Cir. 2015). The amendment modified § 3B1.2's application notes by introducing a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. *See Quintero-Leyva*, 823 F.3d at 523.

Generally, a court is required to use the guidelines manual in effect on the date a defendant is sentenced. *See Dorsey v. United States*, 132 S. Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). Amendment 794 was issued on November 1, 2015. *See Quintero-Leyva*, 823 F.3d at 521. This occurred over two years after Altman's sentencing. Altman argues that she should be given retroactive benefit of this amendment. The U.S. Sentencing Commission, however, did not make Amendment 794 retroactive to all cases. *See* U.S.S.G. § 1B1.10(d). Moreover, based on Altman's argument, she is not entitled to relief under § 2255. Altman does not contend that her sentence was illegal when imposed, that it was imposed in violation of federal law, or any of the other reasons listed in §2255(a). Instead, she argues for retroactive benefit of Amendment 794. Such a claim must be brought as motion under 18 U.S.C. § 3582, not a § 2255 motion. *See Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 claim can be based only on a claim of lack of jurisdiction, constitutional error, an error resulting in "a complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure") (quoting *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979)).

Assuming, *arguendo*, that Altman's motion was properly brought under § 2255, it would be untimely. Motions brought pursuant to § 2255 are subject to a one-year statute of limitations that runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, the only relevant date is "the date on which the judgment of conviction becomes final."[1] The judgment of conviction became final when the time for filing a direct appeal expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005) ("holding that for purposes of 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). *Akins v.*

---

[1] Altman does not contend that any of the exceptions set out in § 2255, which extend the starting date of the limitations period beyond the date the judgment of conviction became final, are applicable to the instant case. Altman has not identified any "impediment" to making her motion that was created by the government. *See* 28 U.S.C. §2255(f)(2). Furthermore, Altman has not identified any newly recognized right by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). Altman also has not identified a date subsequent to her sentencing when any facts supporting her claim presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(4).

4

*United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Altman's one-year limitations period to file a § 2255 motion began to run on December 10, 2013, when the date of her judgment became final. Altman did not place her § 2255 motion in the prison mailing system until August 31, 2016, twenty months after the period of limitations expired on December 10, 2014.

Finally, even if I were to construe Altman's motion as a § 3582 motion, Altman's claim fails because Amendment 794 is not retroactive for purposes of a § 3582 motion. Amendment 794 was a "clarify amendment." *Quintero-Leyva*, 823 F.3d at 523; *see United States v. Gasas*, 632 Fed. App'x. 1003 1004 (11th Cir. 2015) (holding that Amendment 794 simply "clarified the factors to consider for a minor-role adjustment."). As a clarifying amendment, it made no substantive change in the law. *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998). Thus, such an amendment does not apply retroactively in a motion for reduction of a sentence under § 3582. *United States v. Stokes*, 300 Fed. App'x 507, 508 (9th Cir. 2008). Accordingly, Altman's § 2255 motion is denied.

## III. CERTIFICATE OF APPEALABILITY

Altman must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Altman's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Altman's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Altman wish to seek further review of her petition, she may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

### IV. CONCLUSION

For the reasons discussed, above, Altman's motion under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 21st day of September, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA